GRANT, J.
In the view we take of this case we need discuss only one question — that of jurisdiction in the court below.
The plaintiff there — defendant in this proceeding — declared on two causes of action, one in tort, in which she laid her damages at two thousand dollars, and the other on contract, in which the amount claimed was five hundred dollars.
The law limiting, or bounding, the jurisdiction of that court, as to amounts, Sec. 1579-6 G. C., par. 2, is as follows:
“In all actions and proceedings at law for the recovery of money or personal property of which the courts of common pleas of the county of Cuyahoga, have, or may be given, jurisdiction, when the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed one thousand dollars, and in such actions judgment may be rendered for over one thousand dollars when the excess over one thousand dollars shall consist of interest or damages, or costs accrued after the commencement of the action. ’ ’
It will be observed that the limitation thus provided, has to do, not with the amount recovered, but with “the amount claimed. ’ ’
Having regard to the nature of the action, we must find that *616 the jurisdiction of the municipal court is clearly denied by the statute; we see no escape from that conclusion.
Perhaps this is not disputed. But it is said that the point has been waived, or that the objection comes too late to defeat the action now- — not having been asserted or mentioned up to the argument at the bar.
The suggestion is not allowable. The jurisdiction denied by the statute quoted is of the subject of the action — not of the parties to it.
The law controlling the question and covering all the points relied on to take off the effect of the statute, is stated in 7 Ruling Case Law, 1042-3 as follows:
“Where judicial tribunals have no jurisdiction of the subject-matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent to decide on its own jurisdiction in a given ease may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction, either before or after judgment. Accordingly, an objection for want of jurisdiction, if it exists, may be raised by answer, or at any subsequent stage of the proceedings; and in fact it may be raised for the first time on appeal. A court will recognize want of jurisdiction over the subject-matter, even if no objection is made, and therefore whenever a want of jurisdiction is suggested, by the court’s examination of the case or otherwise, it is the duty of the court to consider it; for if the court is without jurisdiction it is powerless to act in the case. A plaintiff against whom judgment went in the lower court may on appeal raise the question of the jurisdiction of the trial court and have the judgment reversed if the court did not have jurisdiction of the subject-matter, though the assumption of jurisdiction was to his advantage. As heretofore shown, the jurisdiction of a court over the subject-matter of a cause of action must be conferred by law, and it can not under any circumstances be conferred on a court, as such, by the consent of the parties. It naturally follows that if jurisdiction can not be conferred by consent, the want thereof can not be waived by any act of the parties.”
This statement of the law applicable to, and decisive of this case, fits it like a wedding garment. It is backed by an ample line of authorities.
*617 Indeed, to decide the main question of contention here, one need not go outside of this state or this court, to reach a like conclusion.
The case of the State v. Prestien (not reported), was in mandamus. It was begun in the common pleas court of this county, from whose judgment the relator took an appeal to this court. It was fully heard by us, argued and submitted for final determination. While it was being thus held under advisement, the respondent moved to dismiss the appeal for want of jurisdiction under the then new constitution — the writ of mandamus not being of chancery cognizance.
The motion was granted. A rehearing was allowed and a bill of exceptions was taken, showing the facts of trial, argument and final submission, without objection or suggestion on the part of the respondent.
Again the motion to dismiss was sustained and judgment went against the relator for costs.
The Supreme Court reviewed the case and held that a motion to the jurisdiction, made at any time before judgment was actually entered, was not too late, and affirmed us. See State v. Prestien, 93 Ohio St. 423 [113 N. E. 325].
It decides this case. The judgment is reversed, the trial court having no jurisdiction of the first cause of action.
The cause is remanded to the court from whence it came, for such further proceedings as may be in accordance with law.
Dunlap and Washburn, JJ., concur.